## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMANTHA TARANTINO | : | |
| 144 W. Wildey St. | : | |
| Philadelphia, PA 19123 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| v. | : | |
| | : | |
| DREXEL UNIVERSITY | : | |
| 341 Chestnut St. | : | **JURY TRIAL DEMANDED** |
| Philadelphia, PA 19104 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Samantha Tarantino (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      This action has been initiated by Plaintiff against Drexel University (*hereinafter* referred to as "Defendant" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et seq.*), the Pennsylvania Human Relations Act ("PHRA"), the Pennsylvania Fair Educational Opportunities Act ("PFEOA"), and the Philadelphia Fair Practices Ordinance ("PFPO").   As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.[1]

---

[1] Plaintiff's claims under the PHRA, PFEOA, and the PFPO are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA.  Plaintiff's PHRA, PFEOA, and PFPO claims however will mirror her federal claims under the ADA.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      There lies supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

4.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

5.      Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant is a private research university with its main campus in Philadelphia, Pennsylvania.

2

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was employed with Defendant for approximately three (3) months as a Research Associate.

12.     Plaintiff was specifically hired to work within a laboratory supervised by Dr. Ming Xiao (*hereinafter* "Dr. Xiao") – an Associate Professor for Defendant's School of Biomedical Engineering, Science and Health Systems.

13.     At the time of Plaintiff's hire, her employment structure with Defendant was such that she would be under contract with Defendant performing as a Research Associate within Dr. Xiao's laboratory until in or about September of 2019, at which point in time she would begin Defendant's PHD program.

14.     While in Defendant's PHD program, Plaintiff would continue to work within Dr. Xiao's laboratory as a Research Associate receiving a stipend for the continuing work performed within Dr. Xiao's laboratory.

15.     As part of her aforesaid employment arraignment with Defendant, Plaintiff would also receive the benefit of having her tuition paid in full by Defendant once she began Defendant's PHD program in or about September of 2019

16.     At all times during her employment with Defendant, Plaintiff suffered from (and continues to suffer from) Type One Diabetes and apprised Defendant's management of same,

3

including but not limited to Dr. Xiao and Laboratory Manager, Delores Conover (*hereinafter* "Conover").

17.     Plaintiff's aforesaid health condition negatively impacts her ability (at times) to perform some daily life activities, including but not limited to controlling her blood sugars, concentrating, and working.

18.     Despite her aforesaid disability and limitations, Plaintiff was still able to perform the duties of her job with Defendant; however, Plaintiff did require reasonable accommodations.

19.     For example, throughout her employment with Defendant, Plaintiff requested from Defendant's management, including but not limited to Dr. Xiao and Conover: (1) the ability to be a little late to work on occasion if she had a diabetic episode; (2) the ability to leave work a little early on occasion if she had a diabetic episode; (3) intermittent time off from work to care for and treat for her aforesaid disability; (4) periodic breaks to eat so she could properly control her blood sugars; and (5) the ability to sporadically check her cell phone in order to monitor her blood sugars.[2]

20.     Following her requests and attempt to utilize the above-listed medical accommodations, Plaintiff was subjected to hostility and animosity by Defendant's management and staff. For example, but not intending to be an exhaustive list:

    i.   Plaintiff was treated in a rude and demeaning manner;

    ii.  Defendant's management would verbally reprimand Plaintiff for occasionally being late to work or taking periodic breaks for reasons related to her health conditions;

---

[2] As a result of her health condition, Plaintiff wore a Dexcom machine on her body that would monitor her blood sugars (which she was required to do). Plaintiff's Dexcom machine was connected to her cell phone and provided her with real-time updates (on her cell phone) regarding her blood sugar levels.

iii.  Plaintiff was subjected to negative and discriminatory comments about her health and need for accommodations, including but not limited being told by Dr. Xiao to not "use [her] diabetes as an excuse;"

iv.  On one occasion, Plaintiff realized that she forgot her insulin pen at home on her way to work. Upon realizing same, Plaintiff sent an e-mail to Defendant's management stating that she would be late to work because she forgot her insulin pen at home and needed to retrieve it. To make up for the time missed, Plaintiff offered to stay late that day. After arriving at work, Dr. Xiao told Plaintiff that returning home to retrieve her insulin pen was no excuse for being late to work and she should be on time (regardless of her need for an insulin pen); and

v.  Defendant's management refused to properly accommodate her disability.

21.  Plaintiff expressed concerns to Defendant's management, including but not limited to Conover, about the discriminatory treatment she had been receiving in relation to her disability and need for accommodations; however, her complaint fell on deaf ears, as Conover never properly investigated or remedied her concerns.

22.  Instead, on or about February 13, 2019, Plaintiff was terminated from her employment with Defendant for alleged performance issues – which is completely pretextual.

23.  In fact, prior to her termination on February 13, 2019, Plaintiff was never issued any formal written discipline regarding her alleged performance problems.

24.  In Defendant's position statement sent to the EEOC (in response to Plaintiff's EEOC Charge of Discrimination), Defendant claims that on February 6, 2019, Plaintiff was "informed by Human Resources that her inability to perform in [her] Position would result in her

5

termination" and then cites to a Performance Improvement Plan ("PIP") attached to Defendant's position statement dated February 6, 2019.

25.     Plaintiff never had any discussion with Defendant's Human Resources Department wherein she was apprised of performance issues or possible termination, as alleged in Defendant's position statement (discussed *supra*).

26.     Furthermore, Plaintiff was never issued the PIP attached to Defendant's aforesaid position statement and such PIP does not even contain Plaintiff's signature of the signatures of anyone at Defendant.

27.     Regardless, the PIP attached to Defendant's EEOC position statement (discussed *supra*), specifically admonishes Plaintiff for her attempts to utilize her aforementioned requested medical accommodations – stating:

> Your overall work ethic has not meet [sic] expectations based on your inability to report to work on time, even after this was discussed with you. You take multiple breaks throughout the day without any notice, for a length of approximately 30 minutes. Use of cell phone in the lab discussing non work-related issues is unacceptable.

28.     As a result of her termination from Defendant on February 13, 2019, other benefits for which Plaintiff was granted as a result of and contingent upon her employment with Defendant were also rescinded, including but not limited to acceptance into Defendant's PHD program, tuition remission, and continuing wages in the form of a stipend.

29.     Based on the foregoing, Plaintiff believes and therefore avers that Defendant's actions as aforesaid violated the ADA.

## COUNT I
## Violations of Title I of the Americans with Disabilities Act "ADA"
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
### [3] Failure to Accommodate; [4] Hostile Work Environment)

30.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31.     Plaintiff has and continues to suffer from Type One Diabetes – a qualifying disability under the ADA.

32.     During her employment with Defendant, Plaintiff requested from Defendant's management reasonable accommodations for her disability in the form of [1] the ability to be late to work or leave early on occasion when suffering a diabetic episode; [2] intermittent time off from work; [3] the ability to take periodic breaks to eat in order to maintain her blood sugar levels; and [4] the ability to use her cell phone to check her blood sugar levels during work hours.

33.     Defendant's management refused to accommodate Plaintiff's health conditions and rather subjected her to admonishment, backlash, and ridicule regarding same (ultimately cumulating in a hostile work environment).

34.     As a result of the hostile work environment Plaintiff was being subjected to (discussed *supra*), Plaintiff expressed concerns of discriminatory treatment to Conover; however, her concerns were never investigated or properly resolved.

35.     On or about February 13, 2019, Plaintiff was terminated from her employment with Defendant for completely pretextual reasons.

36.     Plaintiff believes and therefore avers that she as subjected to a hostile work environment and ultimately terminated from her employment with Defendant because of her [1] actual and/or perceived disability; [2] record of impairment; [3] requested accommodations; [4]

expressed concerns of disability discrimination; and/or [5] Defendant's refusal to accommodate Plaintiff.

37.     Stemming from and contingent upon Plaintiff's employment with Defendant, Plaintiff was also guaranteed other benefits, including admittance into Defendant's PHD program, tuition remission, and a stipend (for continuing work within Dr. Xiao's laboratory) when she began Defendant's PHD program in or about September of 2019; however, as a result of her termination from employment with Defendant, her acceptance into Defendant's PHD program and other guaranteed employment benefits were rescinded on February 21, 2019 resulting in significant damages to Plaintiff.

38.     Plaintiff believes Defendant's decision to rescind her acceptance into its PHD program and other guaranteed employment benefits and was motivated by her [1] actual and/or perceived disability; [2] record of impairment; [3] requested accommodations; [4] expressed concerns of disability discrimination; and/or [5] Defendant's refusal to accommodate Plaintiff.

## COUNT II
### Violations of Title III of the Americans with Disabilities Act "ADA"
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     Regardless of whether Plaintiff was an employee of Defendant and thus regardless if the aforesaid benefits of (1) admittance into Defendant's PHD program; (2) tuition remission; and (3) continued wages via a stipend were benefits stemming from her employment with Defendant under Title I of the ADA, Plaintiff also claims that Defendant violated Title III of the ADA by rescinding her acceptance into Defendant's PHD program because of her [1]

actual and/or perceived disability; [2] record of impairment; [3] requested accommodations; and/or [4] Defendant's refusal to accommodate Plaintiff.

41.     Plaintiff has and continues to suffer from Type One Diabetes – a qualifying disability under the ADA.

42.     Plaintiff needed reasonable accommodations for her disability and requested same from Defendant's management.

43.     Instead of engaging in any discussion with Plaintiff to determine if her health condition could be accommodated, Defendant instead considered her disability and need/requests for accommodations in its decision to rescind her acceptance into Defendant's PHD program.

44.     For example, Defendant's management falsely believed that Plaintiff's disability and need for accommodations would and/or did result in her having poor work ethic, as evidence by the aforesaid February 6, 2019 PIP attached to Defendant's EEOC position statement (discussed *supra*) – which is completely false.

45.     Refusing to even consider Plaintiff's accommodation requests and ultimately rescinding its decision to accept Plaintiff into its PHD program caused Plaintiff to suffer from significant damages, including but not limited to tuition remission and continuing wages in the form of a stipend.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, stipends, tuition remission, and seniority.

B.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 14, 2019

10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | CIVIL ACTION |
|---|---|---|
| Samantha Tarantino | : | |
| v. | : | |
| Drexel University | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| | | |
|---|---|---|
| 8/14/2019 | _(signature)_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:   144 W. Wildey Street, Philadephia, PA 19123

Address of Defendant:   341 Chestnut Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction:   Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____        Judge: _____        Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?        Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?        Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?        Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?        Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/14/2019 _____  _____   ARK2484 / 91538
_____                               _____
*Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

*A.*     *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

*B.*     *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 8/14/2019 _____  _____   ARK2484 / 91538
_____                               _____
*Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TARANTINO, SAMANTHA

**DEFENDANTS**
DREXEL UNIVERSITY

**(b)** County of Residence of First Listed Plaintiff ___Philadelphia___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ___Philadelphia___
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA, PHRA, PFEOA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   8/14/2019

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

[ Print ]   [ Save As... ]   [ Reset ]